IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Criminal Action No. 08-*138-ALL* |
| | ) |
| WILLIAM C. HOLLEY, | ) |
| | ) |
| and | ) |
| | ) |
| JOSEPH E. FUNK, JR., | ) REDACTED |
| | ) |
| Defendants. | ) |

## INDICTMENT

The Grand Jury for the District of Delaware charges that:

### COUNT ONE

### The Conspiracy

1. From on or about January 2004 continuing thereafter up to and including May 2007, in the District of Delaware, William C. Holley and Joseph E. Funk, Jr., defendants herein, did conspire, combine, confederate, and agree together and with each other and with other individuals both known and unknown to the Grand Jury to defraud the United States for the purpose of impeding, impairing, obstructing, and defeating the lawful Government functions of the Internal Revenue Service ("IRS") of the Treasury Department in the ascertainment, computation, assessment, and collection of the revenue: to wit, federal income taxes withheld from wages and Federal Insurance Contribution Act taxes.

**Parties, Persons and Entities**

At all relevant times,

2. Holley Enterprises, Incorporated (or "HEI") was a corporation whose principal place of business was located at 105 Vandever Avenue, Wilmington, Delaware. HEI was a demolition company that was typically hired as a subcontractor to complete demolition work at various construction sites in Delaware, New Jersey and Pennsylvania.

3. Defendant William C. Holley was the founder and President of HEI and owned 100% of the stock in the company.

4. Defendant Joseph E. Funk, Jr. was the Vice President of HEI.

5. Automated Data Processing, Inc. ("ADP") was an outside payroll service, which was hired by defendant Holley on behalf of HEI to process HEI's payroll and to electronically file Employer's Quarterly Federal Tax Return, Forms 941 with the IRS. In order to file accurate Forms 941 with the IRS, ADP needed HEI to provide it with the total amount of wages to be paid to HEI employees during each quarter, so that ADP could calculate the total amount of federal income taxes and Federal Insurance Contribution Act taxes to be withheld from the employees' wages and to be paid to the IRS. ADP would then include this information on the quarterly Forms 941 that it electronically filed with the IRS on HEI's behalf.

**Manner and Means By Which the Conspiracy Was Carried Out**

6. In order to avoid the payment of federal income taxes withheld from the wages of HEI employees and Federal Insurance Contribution Act taxes due and owing regarding those wages (collectively, "payroll taxes"), defendants Holley and Funk agreed to pay nearly all of HEI's employees in cash or by check, but not to report the payment of those wages to the IRS on the

Forms 941 filed by the company. This had the effect of significantly under-reporting HEI's payroll tax liability.

7. In furtherance of the conspiracy, the HEI employees who worked as laborers on HEI demolition jobs were paid in cash each week. This would occur in two primary ways. First, defendant Funk and others known and unknown to the Grand Jury would fill out an HEI company check, made out to "Cash," in an amount reflective of the wages owed to all of the HEI laborer employees for the pay period, and would then cash this check at a nearby check cashing establishment or bank. This money was then used by HEI to pay these employees in cash. Second, defendant Funk and others known and unknown to the Grand Jury would fill out HEI company checks, made out to individual HEI laborers, and then cash the checks at a nearby check cashing establishment or bank. In some instances, defendant Funk or other HEI supervisors who negotiated these checks would obtain the payee employee's endorsement on the check before the check was cashed; in other cases they would forge the employee's endorsement on the check. This money was then used by HEI to pay laborer employees in cash.

8. An additional number of HEI office employees were paid their salary through the issuance of checks drawn on an HEI operating account at WSFS Bank (account number XXXXXX9112).

9. During the time period referenced above, HEI did not report to ADP that HEI had paid wages to the laborer employees whom it had paid in cash, nor did it report that it had paid wages to the office employees that were paid with checks drawn on the WSFS Bank account. Instead, at the direction of defendant Holley, HEI's bookkeepers reported to ADP only the wages HEI had paid to either three or four employees. As a result, ADP submitted false and fraudulent Forms 941 for each of the four quarters in the tax years 2004, 2005 and 2006, in that those forms did not list wages paid

or payroll taxes withheld from the HEI employees whose wage information had not been reported to ADP.

10. As part of the conspiracy, defendants Holley and Funk took numerous actions to conceal the fact that HEI was failing to properly report employee wages on the Forms 941, including the following:

(a) For some demolition jobs on which HEI's laborer employees worked, defendant Funk provided the general contractor with records indicating the wages earned by HEI employees who worked on those jobs. In a number of instances, defendant Funk provided general contractors with records stating that HEI employees had been paid far more for these jobs than the employees had actually earned, and falsely stating that federal income withholding taxes and Federal Insurance Contribution Act taxes had been deducted from the employees' checks. Among these records were false and fraudulent paychecks made out to HEI laborer employees, which appeared to show that these employees had been paid by check, when in fact the employees had been paid in cash.

(b) Additionally, HEI was separately required to provide the State of Delaware Department of Labor ("DDOL"), Division of Industrial Affairs, with records indicating the wages earned by HEI employees who worked on certain jobs undertaken in Delaware. With regard to certain jobs performed at Bancroft School in Wilmington, Delaware and Redding Middle School in Middletown, Delaware, defendant Funk provided the DDOL with records stating that HEI employees had been paid far more for these jobs than the employees had actually earned, and falsely stating that federal income withholding taxes and Federal Insurance Contribution Act taxes had been deducted from the employees' checks. Among these records were false and fraudulent

paychecks made out to HEI laborer employees, which appeared to show that the employees had been paid by check, when in fact the employees had been paid in cash.

(c) Some of HEI's laborer employees were on state or federal probation or federal supervised release at the time they worked for HEI during the time period described above. As a result, they were required to provide their probation officers with proof of their employment. Defendant Funk and others known and unknown to the Grand Jury created false and fraudulent paycheck stubs, which appeared to show that the employees had been paid by check, when in fact the employees had been paid in cash, and which falsely stated that federal income withholding taxes and Federal Insurance Contribution Act taxes had been deducted from the employees' checks.

11. For one HEI demolition job conducted in 2005 in Philadelphia, Pennsylvania, defendant Funk, at the direction of defendant Holley, deducted and collected from the wages of certain HEI employees federal income withholding taxes and Federal Insurance Contributions Act taxes, but then later did not account for and pay over those funds to the IRS. At defendant Holley's direction, defendant Funk did not submit IRS Form W-2s to the IRS regarding the wages earned by these employees.

## Overt Acts

In furtherance of the conspiracy, and to effect the objects thereof, the following overt acts were committed in the District of Delaware, and elsewhere:

12. On numerous occasions in 2004, 2005 and 2006, for example, on or about May 27, 2005 and June 3, 2005, defendant Funk negotiated checks made out to "Cash."

13. On numerous occasions in 2004, 2005 and 2006, for example, on or about March 12, 2004, March 19, 2004, March 26, 2004, April 2, 2004, April 9, 2004 and August 20, 2004, defendant Funk negotiated checks made out to individual HEI laborer employees in amounts far greater than the wages the employees were actually paid.

14. On numerous occasions in 2004, 2005 and 2006, for example, on or about March 12, 2004, March 19, 2004, March 26, 2004, April 2, 2004, April 9, 2004 and August 20, 2004, defendant Funk caused others known and unknown to the Grand Jury to pay HEI laborer employees their wages in cash.

15. On numerous occasions in 2004, 2005 and 2006, for example, on or about May 3, 2004, August 2, 2004, October 25, 2004, January 24, 2005, April 29, 2005, July 25, 2005, October 24, 2005, January 23, 2006, April 22, 2006, July 24, 2006, October 23, 2006 and January 22, 2007, defendants Holley and Funk caused others known and unknown to the Grand Jury to file false and fraudulent Forms 941 with the IRS.

In violation of Title 18, United States Code, Section 371.

## COUNTS TWO THROUGH THIRTEEN

16. Paragraphs 1-15 are hereby incorporated by reference.

17. On or about the dates listed below, in the District of Delaware, William C. Holley, defendant herein, a resident of Middletown, Delaware, who conducted a business through a corporation under the name and style of Holley Enterprises, Incorporated, with its principal place of business in Wilmington, Delaware, did willfully attempt to evade and defeat part of the federal income taxes withheld from wages and Federal Insurance Contribution Act taxes due and owing to the United States of America for the quarters ending on the dates listed below, by causing to be prepared a false and fraudulent Employer's Quarterly Federal Tax Return, Form 941, which was filed with the Internal Revenue Service, wherein it was stated that the total wages subject to withholding paid to employees by HEI, for the said quarter was the sum listed below, and that the total amount of federal income tax withheld and Federal Insurance Contribution Act taxes due and owing thereon was the sum listed below, whereas, as he then and there well knew and believed, the total wages subject to withholding paid to employees for said quarter was the sum listed below,

upon which wages there were due and owing to the United States of America federal income taxes withheld from wages and Federal Insurance Contribution Act taxes in the total amount listed below, in violation of Title 26, United States Code, Section 7201.

| Count | Date Filed | Quarter Ending | Total Reported Wages | Total Reported Taxes Due and Owing | Total Actual Wages | Total Actual Taxes Due and Owing |
|---|---|---|---|---|---|---|
| 2 | May 3, 2004 | March 31, 2004 | $30,100.00 | $7,885.33 | $98,314.00 | $25,143.38 |
| 3 | August 2, 2004 | June 30, 2004 | $30,550.00 | $8,051.39 | $124,500.00 | $31,820.64 |
| 4 | October 25, 2004 | September 30, 2004 | $30,550.00 | $8,051.39 | $158,129.00 | $40,328.88 |
| 5 | January 24, 2005 | December 31, 2004 | $32,900.00 | $8,671.04 | $88,449.00 | $22,724.94 |
| 6 | April 29, 2005 | March 31, 2005 | $35,750.00 | $9,292.40 | $168,635.13 | $43,482.88 |
| 7 | July 25, 2005 | June 30, 2005 | $36,600.00 | $9,550.79 | $342,910.08 | $87,475.62 |
| 8 | October 24, 2005 | September 30, 2005 | $33,600.00 | $8,807.54 | $220,012.93 | $57,745.90 |
| 9 | January 23, 2006 | December 31, 2005 | $31,200.00 | $8,178.43 | $117,536.38 | $30,898.00 |
| 10 | April 22, 2006 | March 31, 2006 | $31,783.00 | $8,266.25 | $130,964.00 | $33,359.04 |
| 11 | July 24, 2006 | June 30, 2006 | $31,500.00 | $8,215.10 | $124,231.00 | $31,676.04 |
| 12 | October 23, 2006 | September 30, 2006 | $32,400.00 | $8,566.87 | $125,310.00 | $32,073.10 |
| 13 | January 22, 2007 | December 31, 2006 | $32,550.00 | $8,657.33 | $111,796.00 | $28,706.57 |

## COUNTS FOURTEEN THROUGH SEVENTEEN

18. Paragraphs 1-15 are hereby incorporated by reference.

19. On or about the dates listed below, in the District of Delaware, William C. Holley, defendant herein, a resident of Middletown, Delaware, who conducted a business through a corporation under the name and style of Holley Enterprises, Incorporated, with its principal place of business in Wilmington, Delaware, and who, during the quarters listed below, deducted and collected from the total taxable wages of his employees federal income taxes and Federal Insurance Contributions Act taxes in the sums listed below, did willfully fail to truthfully account for and pay over to the Internal Revenue Service said federal income taxes withheld and Federal Insurance Contributions Act taxes due and owing to the United States of America for those quarters, in violation of Title 26, United States Code, Section 7202.

| Counts | Date | Quarter | Tax Owed |
|---|---|---|---|
| 14 | March 31, 2005 | First Quarter 2005 | $5,906.02 |
| 15 | June 30, 2005 | Second Quarter 2005 | $24,954.08 |
| 16 | September 30, 2005 | Third Quarter 2005 | $10,730.03 |
| 17 | December 31, 2005 | Fourth Quarter 2005 | $1,135.25 |

## COUNT EIGHTEEN

### Introduction

20. Paragraphs 1-15 are hereby incorporated by reference.

### Scheme and Artifice to Defraud

21. Starting in or about 2004, defendants William C. Holley and Joseph E. Funk, Jr. did devise and intend to devise a scheme and artifice to defraud various individuals and to obtain money and property by means of false and fraudulent pretenses and representations.

22. As part of this scheme and artifice to defraud, between on or about 2004 and on or about May 2007, Holley Enterprises, Incorporated obtained subcontracts for demolition jobs on certain government-funded public works projects located in Delaware, New Jersey and Pennsylvania. These projects included jobs undertaken at the Bancroft School in Wilmington, Delaware; Kennett Square High School in Kennett Square, Pennsylvania; Cheyney University of Pennsylvania in Cheyney, Pennsylvania; Redding Middle School in Middletown, Delaware; Hockessin Library in Hockessin, Delaware and the New Jersey State Museum in Trenton, New Jersey. Pursuant to the contractual agreements entered into by defendants Holley and/or Funk on behalf of the company for each of these projects, HEI agreed to comply with applicable local or state prevailing wage requirements, meaning that the company agreed to pay its laborer employees working on the project the prevailing wage set by state or local law.

23. As further part of the scheme, at defendant Holley's direction, HEI did not pay its employees who worked on these jobs at the prevailing wage rate. Instead, the company paid these employees at hourly rates that were typically one-third or one-fourth of the relevant prevailing wage rate.

24. Certain of the general contractors on these jobs required HEI to regularly provide them with certified payroll sheets, which listed, *inter alia*, the total amount of hours worked by HEI employees on the job in a given week, the wage rate that those employees were paid for the job and the net wages paid to those employees for that week. As further part of the scheme, at defendant Holley's direction, defendant Funk provided these general contractors with certified payroll sheets that falsely and fraudulently stated that HEI employees had been paid at the applicable prevailing wage rate, when in fact the employees had actually been paid at a rate far lower.

25. With respect to two of the jobs listed above, those at Bancroft School and Redding Middle School, representatives from the DDOL's Division of Industrial Affairs, sent correspondence to

defendant Holley requiring that HEI provide it with, *inter alia*, (a) records listing the employees who had worked on the projects in a given time period; (b) payroll records confirming the number of hours worked by each employee on the projects, the wages paid to each employee, the hourly rate of pay for each employee and all payroll deductions for each employee; (c) copies of all cancelled paychecks issued to each employee who worked on the projects; and (d) copies of the pay stubs issued to each employee working on the projects.  As further part of the scheme, defendants Holley and Funk provided the agency with (a) certified payroll sheets that falsely and fraudulently stated that HEI employees had been paid at the applicable prevailing wage rate, when in fact the employees had actually been paid at a rate far lower; and (b) false and fraudulent cancelled checks, which purported to show that the HEI employees had been paid at the applicable prevailing wage rate, when in fact the employees had actually been paid at a rate far lower.

### Charging Paragraph

26.  From in or about 2004 through in or about May 2007, in the District of Delaware and elsewhere, William C. Holley and Joseph E. Funk, Jr., defendants herein, did conspire with others known and unknown to the Grand Jury, to commit wire fraud, to wit, devising and intending to devise a scheme and artifice to defraud and to obtain money and property by means of false and fraudulent pretenses and representations and promises, and for the purposes of executing such scheme and artifice and attempting to do so, did transmit and cause to be transmitted by means of wire communication in interstate commerce, to wit, facsimile communications, as more fully set forth below.  In furtherance of the conspiracy to commit wire fraud as set forth above, on the following dates, the defendants committed and caused to be committed the following overt acts, among others, in the District of Delaware:

(a)  On or about July 20, 2004, defendant Funk sent or caused to be sent from HEI's office in Wilmington Delaware to T.O., an employee at Wohlsen Construction Company in Lancaster,

Pennsylvania, copies of certified payroll sheets for weeks of July 8, 2004 and July 15, 2004 regarding the Kennett Square High School job, wherein such documents contained materially false and misleading information regarding the rates of pay that HEI paid its employees for the job, the contents of which facsimile he did then and there know falsely stated that those employees had been paid at a rate of $35.15 per hour when in fact they had been paid at far lesser rates.

(b)  On or about July 29, 2004, defendant Funk sent or caused to be sent from Delaware to T.O., an employee at Wohlsen Construction Company in Lancaster, Pennsylvania, copies of certified payroll sheets for week of July 22, 2004 regarding the Kennett Square High School job, wherein such documents contained materially false and misleading information regarding the rates of pay that HEI paid its employees for the job, the contents of which facsimile he did then and there know falsely stated that those employees had been paid at a rate of $35.15 per hour when in fact they had been paid at far lesser rates.

(c)  On or about August 4, 2004, defendant Funk sent or caused to be sent from Delaware to T.O., an employee at Wohlsen Construction Company in Lancaster, Pennsylvania, copies of certified payroll sheets for week of July 29, 2004 regarding the Kennett Square High School job, wherein such documents contained materially false and misleading information regarding the rates of pay that HEI paid its employees for the job, the contents of which facsimile he did then and there know falsely stated that those employees had been paid at a rate of $35.15 per hour when in fact they had been paid at far lesser rates.

In violation of Title 18, United States Code, Sections 1343 and 2, all in violation of Title 18, United States Code Section 1349.

## COUNTS NINETEEN THROUGH TWENTY-SEVEN

27. On or about the dates listed below, in the District of Delaware, in Contribution Remittance Forms ("CRFs"), documents that are kept as part of the records of the Laborers' District Council ("LDC") Construction Industry Pension Fund, the LDC Building and Construction Health and Welfare Fund, the LDC Education and Training Fund and the LDC Prepaid Legal Fund, which are funds which are employee welfare benefit plans or employee pension benefit plans, Joseph Funk, defendant herein, did make false statements and representations of fact, knowing the same to be false, and did knowingly conceal, cover up and fail to disclose facts, which were necessary to verify, explain, clarify and check for accuracy and completeness the Form 5500, Annual Return/Report of Employee Benefit Plan, a report required by ERISA to be published, that is, he under-reported the number of hours worked by employees listed on the CRFs regarding an HEI job located at 436 Walnut Street in Philadelphia, Pennsylvania, and he failed to report at all the hours worked by certain other covered employees on the job, in violation of Title 18, United States Code, Section 1027.

| Count | Month Covered by CRF | Date |
|---|---|---|
| 19 | March 2005 | April 25, 2005 |
| 20 | April 2005 | June 10, 2005 |
| 21 | May 2005 | August 20, 2005 |
| 22 | May 2005 | August 29, 2005 |
| 23 | June 2005 | September 9, 2005 |
| 24 | July 2005 | October 12, 2005 |
| 25 | August 2005 | December 5, 2005 |
| 26 | September 2005 | December 5, 2005 |
| 27 | October 2005 | December 5, 2005 |

A TRUE BILL:

-13-

COLM F. CONNOLLY
United States Attorney

BY: _____
Christopher J. Burke
Assistant United States Attorney

Dated: September 2, 2008